**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-5112**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOSUE SANTANA,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:05-cr-00062-JPB-2)

———————

Submitted:  June 5, 2008              Decided:  July 9, 2008

———————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William Francis Xavier Becker, Rockville, Maryland, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josue Santana challenges the district court's pretrial denial of his motion to suppress evidence seized from his shoe following a traffic stop, and his 78-month sentence for conspiracy to distribute crack cocaine and distribution of crack cocaine. Santana was indicted for conspiracy to distribute cocaine and crack cocaine, distribution of crack cocaine and cocaine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2000). Santana moved to suppress evidence against him that was seized following a traffic stop, arguing that he was detained and searched without probable cause. The district court denied the motion after an evidentiary hearing. Santana was found guilty of conspiracy to distribute crack cocaine and distribution of crack cocaine following a jury trial.

Santana first argues on appeal that the district court erred in denying his motion to suppress. He contends that the police lacked probable cause for the stop because it occurred six hours after the officer observed his vehicle in the driveway of a known drug dealer. He also argues that the stop was deliberately prolonged beyond the time necessary to write tickets for his alleged infractions--excessively tinted windows and a suspended registration--so that a K-9 officer could come to the scene with a narcotic-sniffing dog, and that he was unreasonably and

impermissibly required to remove his shoes, within which the evidence against him was discovered.

We review the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, we construe the evidence in the light most favorable to the Government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," regardless of the officer's subjective motivations. Whren v. United States, 517 U.S. 806, 810, 813-19 (1996) (citations omitted).

We hold that the stop of Santana's vehicle was supported by probable cause. Although the stop occurred significantly after Santana was observed at the home of a known drug dealer, the stop was based upon two traffic violations, excessively tinted windows and a suspended registration. Accordingly, the stop was supported by probable cause, regardless of the officer's subjective motivations.

"[I]n the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." United States v. Robinson, 414 U.S. 218, 235

(1973). "[W]here the formal arrest quickly follows the challenged search, it is not important that the search preceded the arrest." United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991) (citations omitted). In order for the fruits of the search to be admissible, the arrest must have been supported by probable cause at the time that the search occurred. Id. A warrantless arrest is supported by probable cause "where the facts and circumstances within the arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person to be arrested." Id.

We hold that Santana's detention following the stop and the search of his shoes were supported by probable cause. After Santana was stopped for traffic violations, but prior to the search and arrest, Santana advised the officer that he was staying with a friend. Based upon the officer's personal observations, however, he knew that Santana was staying at a nearby motel. Santana's conduct of giving false information constituted probable cause for his warrantless arrest. Because the arrest was supported by probable cause, the search of Santana's person, including his shoes, was reasonable and did not violate the Fourth Amendment. Accordingly, the district court did not err in denying Santana's motion to suppress.

Santana also argues that the district court erred in enhancing his sentence based upon facts that were determined by the

court by a preponderance of the evidence. After the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). Under an advisory guidelines scheme, a district court does not violate the Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (holding that "<u>Booker</u> does not in the end move any decision from judge to jury, or change the burden of persuasion").

Because the district court treated the Guidelines as advisory pursuant to <u>Booker</u>, the enhancements based on the court's factual findings did not violate Santana's Sixth Amendment rights.

For the reasons stated above, we affirm the district court's denial of Santana's motion to suppress and Santana's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

-5-